IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIBBY MUNGOVAN and
ANDREW MUNGOVAN,

                      Plaintiffs,                      OPINION and ORDER

     v.

                                                          25-cv-521-amb

WYNDHAM VACATION RESORTS, INC.,

                      Defendant.

---

Plaintiffs Libby and Andrew Mungovan, two Minnesota residents, are suing defendant Wyndham Vacation Resorts, Inc., alleging defendant engaged in fraudulent, deceptive, and abusive practices in selling timeshares to plaintiffs in 2022 and 2023. Their suit was transferred to this court from the District of Minnesota on defendant's motion. Before the transfer, defendant filed a Rule 12(b)(6) motion to dismiss a portion of Count 1 and the entirety of Count 4. The District of Minnesota granted defendant's motion to dismiss as to Count 4 but left the challenge to Count 1 for this court to decide. After the transfer, the parties filed a letter confirming that the only issue remaining from defendant's original motion is whether to dismiss plaintiffs' claim, contained in Count 1, that defendant violated Wis. Stat § 707.47(2). For the reasons stated below, the court resolves this issue and DENIES defendant's motion as to Count 1.[1]

---

[1] The parties in this case consented to a magistrate judge's authority to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Dkt. 35.

FACTUAL ALLEGATIONS[2]

Plaintiffs Libby and Andrew Mungovan are Minnesota residents. Dkt. 10 at 2. In January 2022, they attended a timeshare sales presentation by defendant Wyndham Vacation Resorts, Inc. *Id.* at 3. According to plaintiffs, the presentation eventually turned into a one-on-one sales pitch during which a Wyndham agent urged plaintiffs to take advantage of special offers and discounts that were good for only a short time. *Id.* at 4–5. After approximately four hours going back and forth with the agent, plaintiffs met virtually with a different Wyndham agent who, plaintiffs recount, presented them with a fifty-six-page document titled "Contract No. 001132200083," which plaintiffs signed. *Id.* at 8–9. After signing, an agent gave plaintiffs a folder containing additional promotional materials and a flash drive containing over 1,600 pages of additional documents. *Id.* at 9.

In January 2023, during their first stay at a Wyndham property, plaintiffs attended a "check-in session" with defendant. *Id.* at 12. During the session, plaintiffs expressed their concerns about the availability of timeshare properties and their inability to book accommodations that worked with their schedule. *Id.* at 13. A Wyndham agent told them that the availability issues owed mainly to their lower-tier membership and assured them that they would have access to more short-term Midwest locations if they purchased a more expensive "VIP" package. *Id.* Plaintiffs also allege that the agent represented that they would be able to sell the additional "ClubWyndham points" that came with their upgraded membership to offset the additional cost. *Id.* at 14. Having decided to upgrade their

---

[2] The facts in this section are derived primarily from the first amended complaint, Dkt. 10, and are taken as true for the purpose of resolving this motion only. The court is not finding these facts to be true for any other purpose in this case.

membership, plaintiffs were led to a conference room and again met virtually with another agent who directed them to sign and initial parts of a new timeshare contract. *Id.* at 15. An agent then presented plaintiffs a flash drive containing thousands of pages of additional documents. *Id.*

PROCEDURAL HISTORY

Plaintiffs filed this suit in January 2025 in the District of Minnesota alleging, among other things, violations of several Wisconsin laws including, relevant to this motion, a subsection of the Wisconsin Time Share Ownership Act, Wis. Stat. § 707.47(2). Dkt. 10 at 22. Defendant moved to dismiss the case for improper venue or, alternatively, to transfer the case to this district. Dkt. 41 at 2. Defendant also moved to dismiss specific counts for failure to state a claim under Rule 12(b)(6). Dkt. 19. Among the claims defendant moved to dismiss was the allegation in Count 1 of the amended complaint, Dkt. 10, that defendant violated Wis. Stat. § 707.47(2). *Id.* The District of Minnesota granted defendant's motion to transfer venue to this court and partially ruled on its Rule 12(b)(6) motion by dismissing Count 4 in its entirety but left it to this court to determine whether to dismiss the claim that defendant violated Wis. Stat. § 707.47(2). Dkt. 31 at 15. After transfer, the parties filed a joint letter clarifying that defendant's Rule 12(b)(6) motion to dismiss the portion of Count 1 alleging a violation of Wis. Stat. § 707.47(2) is the only remaining issue for the court to resolve. Dkt. 41. The parties have fully briefed the issue, and it is ripe for decision.

LEGAL STANDARDS

When reviewing claims on a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws reasonable inferences in plaintiff's favor. *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). "A claim . . . avoids dismissal under Rule 12(b)(6) if the complaint alleges facts that show the claim is 'plausible on its face.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

ANALYSIS

Defendant's motion and the parties' arguments implicate several interconnected provisions of Wis. Stat. ch. 707, which the court discusses before explaining the issue raised in this motion.

A. **Wisconsin's Timeshare Ownership Statutes**

Wis. Stat. § 707.47(2), the subsection cited in Count 1 and at issue in the instant motion to dismiss, provides that a buyer may cancel a contract for the purchase of a timeshare within five business days of the later of two events: either (1) the date the contract is executed, or (2) the date the purchaser receives the last of the documents required to be provided to the purchaser under § 707.47(1), which pertains to "timeshare disclosure statements" discussed further in the following paragraph. Wis. Stat. § 707.47(2) applies to and references timeshare contracts subject to the requirements of Wis. Stat. § 707.41(2).

Wis. Stat. § 707.41(2) provides that anyone selling a timeshare must prepare and deliver a timeshare disclosure statement to the purchaser "in the manner prescribed in § 707.47(1)." Wis. Stat. § 707.47(1) dictates the timing of the disclosure statement and requires that the seller provide it, and all amendments and supplements to the statement, to the buyer before the timeshare is transferred and no later than the date of any contract for the purchase of the timeshare.

Finally, Wis. Stat. § 707.41(4) defines the disclosure statement, commanding that it must "contain or fully and accurately disclose," in most relevant part, but among other things,

> **(a)** A cover sheet bearing the title "Time-Share Disclosure Statement" and the name and principal business address of the developer and the developer's agent, if any, the name and location of the time-share property . . .
>
> **(b)** A general description of the time-share property and the time-share units, including the number of units in the time-share property and in any project of which it is a part, and the schedule of commencement and completion of all promised improvements as described in the time-share instrument, promotional materials, advertising and the time-share disclosure statements.
>
> **(c)** As to all units owned or offered by the developer in the same project, all of the following:
>
>> **1.** The types and number of units.
>>
>> **2.** Identification of units that are time-share units.
>>
>> **3.** The types and durations of the time shares.
>>
>> **4.** The maximum number of units that may become part of the time-share property . . .
>
> […]
>
> **(g)** A description of the nature and purposes of all charges, dues, maintenance fees and other expenses that may be assessed, the current amounts assessed and the method and formula for changes.

    **(h)** Any services provided by the developer or expenses paid by the developer which the developer expects may become a time-share expense, and the projected time-share liability attributable to each of those services or expenses for each time share.

    **(i)** Any initial or special fee due from the purchaser at closing and a description of the purpose of, and method of calculating, the fee.

### B. Plaintiffs' Claim Under Wis. Stat. § 707.47(2)

Defendant's motion centers on paragraph 52 of the amended complaint, Dkt. 10, which states that "Wis. Stat. § 707.47(2) requires that prior to purchase, time-share sellers must disclose all material facts relevant to a prospective buyer's decision to purchase a time-share[.]" Dkt. 10, ¶ 52. As shown above, this is not the most precise recounting of what § 707.47(2) requires. More accurately stated, § 707.47(2) allows a buyer to cancel a timeshare contract within five days of either the date the contract is executed or the date on which the purchaser receives the last of the materials required to be included in the timeshare disclosure statement. That said, this subsection does incorporate the disclosure provisions (§§ 707.41(2) & 707.47(1)) by reference. At this early stage of the case, the court will charitably read paragraph 52 of the amended complaint as incorporating these disclosure requirements via its citation to § 707.47(2).

Using this reading, the court understands plaintiffs' allegation as follows: Defendant never delivered a legally valid disclosure statement that complied with §§ 707.41(2) & 707.47(1). Specifically, plaintiffs complain that defendant did not disclose aspects of the timeshare's resale value, availability of timeshare properties, and financial obligations such as maintenance fees and interest payments. Dkt. 10, ¶ 52 a–c. Because of this failure, the beginning of the five-day period during which plaintiffs could have canceled their purchase under § 707.47(2) was indefinitely forestalled. *See* Dkt. 25 at 14 ("the five-day limit on

Plaintiffs' right to cancel was never triggered, because they never received a fully compliant timeshare disclosure statement"). Plaintiffs seek recission of the timeshare contracts on these grounds, having been denied the opportunity to do so during the five-day statutory grace period. Dkt. 10, ¶ 56. This is sufficient to survive a Rule 12(b)(6) motion to dismiss at the pleading stage.

Defendant argues that plaintiffs' factual allegations do not support their claim. Citing paragraphs 10 and 18–21 of the amended complaint, Dkt. 10, defendant asserts that plaintiffs "admit they . . . received the timeshare disclosure statement" the same day they executed their first timeshare contract in January 2022 but never alleged any deficiencies in the disclosure statement. Dkt. 26 at 3. The court does not read paragraphs 10 and 18–21 in this way, particularly when construing them in the light most favorable to plaintiffs, as the court must at this stage. *Taha*, 947 F.3d at 469. Paragraph 10 alleges that plaintiffs attended a sales presentation during which defendant employed high-pressure sales tactics and misrepresented the benefits of timeshare ownership. Paragraphs 18–20 discuss the contents of the contract plaintiffs signed, not any kind of preliminary disclosures. And paragraph 21 recounts how defendant provided plaintiffs with a flash drive that contained hundreds of pages of additional documents after they signed the contract. Paragraph 21 does not characterize the documents, but the court can reasonably infer that they did not contain the things plaintiffs allege defendant failed to give them. Again, paragraph 52 specifically sets forth certain alleged deficiencies. Ultimately, the sufficiency of defendant's disclosures is an open question of fact that the parties can flesh out at summary judgment or trial, but plaintiffs have pled sufficient facts to make their version of events plausible and to survive a Rule 12(b)(6) motion to dismiss.

Defendant also argues that "[n]othing in the Wisconsin Timeshare Act suggests the five business-day cancellation period fails to start if the disclosure statement contains an error or is somehow deficient," Dkt. 26 at 3, but this argument ignores the statutory requirement that valid disclosure statements "contain or fully and accurately disclose" the information outlined in § 707.41(4). It is possible, perhaps even likely, that this statutory scheme allows for substantial compliance, but that is not an issue that the court will decide at the pleading stage. If defendant believes it substantially complied with the statute, it may develop the factual record and advance that argument at later stages of the case.

Finally, defendant contends that plaintiffs claim alleges a violation of § 707.41(4) itself, which should not be "shoehorned" into a claim under § 707.47(2). Dkt. 26 at 4. Defendant explains that § 707.57(1)(a) provides a claim for appropriate relief for violating any section of chapter 707, so plaintiffs' claim is unnecessarily convoluted. Be that as it may, § 707.57(1)(a) provides a claim for a violation of *any* section of chapter 707, including § 707.47(2), and as masters of their complaint, plaintiffs are free to plead whichever legally valid claims they wish. "Unnecessarily convoluted" is not grounds to dismiss.

To defendant's credit, plaintiffs' claim is roundabout and verges on misstating statutory language. Perhaps it would have been better to simply cite § 707.41 rather than incorporating it via § 707.47. But the interconnected nature of chapter 707 allows the court to comprehend plaintiffs' logic, and their claim is sufficiently supported by plausible allegations to survive a motion to dismiss.

For the sake of clarity going forward, the court understands plaintiffs to be proceeding on three theories regarding violations of Wis. Stat. ch. 707 in Count 1: (1) failure to make statutorily required disclosures, as described in paragraph 52; (2) employing deceptive trade

8

practices, as described in paragraph 53; and (3) engaging in unconscionable conduct, as described in paragraph 54. *See* Dkt. 10 at 22–24.

## ORDER

IT IS ORDERED that defendant's motion to dismiss the portion of Count 1 of the first amended complaint alleging a violation of Wis. Stat. § 707.47(2) is DENIED.

Entered February 6, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge